SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| WILBERT SIMMS<br>3301 C Street, S.E., #301<br>Washington, D.C. 20019<br><br>           Plaintiff<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>Serve: Darlene Fields<br>Office of Corporation Counsel<br>441 4th Street, N.W.<br>Washington, D.C. 20001<br><br>Serve:<br>  Gladys Herring<br>  Office of Mayor Anthony Williams<br>  1350 Pennsylvania Ave., N.W.<br>  Washington, D.C. 20004<br><br>           Defendant | Civil Action No.  05-0007619<br><br>RECEIVED<br>Civil Clerk's Office<br>SEP 1 9 2005<br>Superior Court of the<br>District of Columbia<br>Washington, D.C. |

**COMPLAINT**
(Negligence)

COMES NOW the plaintiff, Wilbert Simms, by and through his attorney, Samuel M. Shapiro, and Samuel M. Shapiro, P.A. and for cause of action, states as follows:

**Introduction**

1. The Court has jurisdiction pursuant to Title 11, Section 921 *et seq.* of the District of Columbia Code (1998 Supp.).

2. That at all times hereinafter mentioned, the plaintiff, Wilbert Simms, is an adult citizen of the United States and was an inmate incarcerated under the care and custody of the defendant, District of Columbia (hereinafter "District"). His incarceration was at the Central

        Detention Facility (hereinafter "D.C. Jail") and at various medical facilities under the care and custody of the defendant District.

3. The defendant, District of Columbia, hereinafter "District", is a municipal corporation in charge of operating the D.C. Detention Facility. The District was responsible for hiring, training, and supervision of all of its agents, servants and employees employed at the D.C. Jail.

4. That on or about October 20, 2004 plaintiff, Wilbert Simms, was housed in the NE1 unit of the D.C. Jail. At that time plaintiff, Wilbert Simms and his assailant Anthony Artisst were assigned and worked on the laundry detail. While working on the laundry detail, the plaintiff, Wilbert Simms was brutally assaulted, battered and bitten by Anthony Artisst in the laundry unit of the D.C. Jail. No correctional officer came to the aid of the plaintiff Wilbert Simms. The events went on for an extended period of time.

## COUNT I
(Negligence)

5. The plaintiff, Wilbert Simms, incorporates all of the allegations contained in paragraphs 1 through 4 as if fully set forth herein.

6. That on or about October 20, 2004 the defendant District, acting through its agents, servants and employees in the scope of their employment, owed a duty of care to the plaintiff, Wilbert Simms, that the plaintiff should be reasonably and safely held while incarcerated within the D.C. Department of Corrections. That defendant District breached this duty by allowing Wilbert Simms to be assaulted, battered, bitten and otherwise seriously injured on October 20, 2004, by failing to properly hire, train, and supervise employees of the D.C. Jail; by failing to properly monitor and control inmate movement;

by failing to properly classify and house inmates under its care, custody and control; by failing to react to an emergency situation; by failing to have adequate staff by operating and overcrowded facility, and otherwise failing to follow normal and accepted penological practices.

7. That said actions and inactions on the part of the defendant, District, were negligent and defendant District knew, or should have known of the dangerous propensity of the plaintiff's assailant and the dangerousness of the D.C. Detention Facility by the number of assaults that occurred in said facility and failed to take any action to restrain such misconduct.

8. That as a direct and proximate result of any and/or all of the aforesaid negligent and/or wrongful acts of defendant, District of Columbia, the plaintiff sustained severe personal injuries and bodily damages to all parts and portions of his body, bite wounds, hospitalization, medical bills, scarring, embarrassment, shame, humiliation, nervousness, flashbacks, difficulty getting to sleep, difficulty staying asleep, depression, post traumatic stress disorder, and other psychological problems, an inability to perform his normal and usual activities, and loss of earning capacity. All injuries and damages are contended to be of a permanent nature.

WHEREFORE, plaintiff Wilbert Simms, demands judgment against defendant, District of Columbia, in the sum of Three Million, Three Hundred Thousand Dollars ($3,300,000.00) plus interest from the date of the occurrence at the prevailing rate, costs and attorney's fees in this action.

## COUNT II
(Negligent care and treatment)

9. The plaintiff, Wilbert Simms, incorporates all of the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

10. That after the aforesaid assault, battery and stabbing, the plaintiff received care and treatment at the D.C. Jail on the date of the occurrence and thereafter.

11. That the plaintiff continued to suffer the aforesaid injuries and damages and despite repeated requests for medical care, treatment and attention, he received little or no care, treatment and attention at the D.C. Jail.

12. That defendant owed a duty to the plaintiff to provide proper care and treatment and defendant District of Columbia breached the duty by the actions and inactions stated above.

13. That as a direct and proximate result of any and/or all of the aforesaid negligent and/or wrongful acts of defendant, District of Columbia, the plaintiff has sustained personal injuries including, but not limited to, scarring, embarrassment, shame, humiliation, nervousness, flashbacks, difficulty getting to sleep, difficulty staying asleep, depression, post traumatic stress disorder, and other psychological problems, an inability to perform his normal and usual activities, and loss of earning capacity were aggravated and worsened.

WHEREFORE, plaintiff Wilbert Simms, demands judgment against defendant, District of Columbia, in the sum of Three Million, Three Hundred Thousand Dollars ($3,300,000.00) plus interest from the date of the occurrence at the prevailing rate, costs and attorney's fees in this action.

**COUNT III**
(Violation of Civil Rights)

14. Plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 through 13 as if fully set forth herein.

15. This cause of action is brought pursuant to Title 42 U.S.C. Section 1983 and the Constitution of the United States, in particular but not limited to the Eighth Amendment thereto.

16. That the assault, battery and biting that occurred on October 20, 2004 was caused by defendant's deliberate indifference to the plaintiff's health and safety. Said assault, battery and biting resulted in cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. Plaintiff's safety was in great jeopardy by being placed in a work assignment with a disturbed inmate without proper security procedures being put into place.

17. That defendant, District of Columbia, knew or should have known of the dangerous propensities of plaintiff's assailant, of the D.C. Detention Center generally and of the particular housing unit where plaintiff was being held.

18. That defendant has incarcerated the plaintiff, Wilbert Simms, and stripped him of all means of self-protection and defendant is constitutionally required to provide prisoners with protection from being assaulted, battered and bitten. In this case, the defendant was deliberately indifferent to these needs.

19. Further, that defendant was and continued to be totally indifferent to the serious medical needs of Wilbert Simms. Such actions were extreme and outrageous and were done with deliberate indifference and malice regarding the plaintiff's serious medical condition.

20. That as a direct and proximate result of any and/or all of the aforesaid negligent and/or wrongful acts of defendant, District of Columbia, the plaintiff sustained the injuries and damages aforesaid, as well as violations of his civil and constitutional rights.

WHEREFORE, plaintiff Wilbert Simms, demands judgment against defendant, District of Columbia, in the sum of Three Million, Three Hundred Thousand Dollars ($3,300,000.00) plus interest from the date of the occurrence at the prevailing rate, costs and attorney's fees in this action.

Respectfully submitted,

SAMUEL M. SHAPIRO, P.A.

_____
Samuel M. Shapiro #176420
200-A Monroe Street, #233
Rockville, MD 20850
(301) 340-1333
Attorney for Plaintiff

**JURY DEMAND**

The plaintiff requests a trial by jury on all issues.

_____
Samuel M. Shapiro