UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILBERT SIMMS )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA )<br>441 4th Street, NW )<br>Washington, DC 20001, )<br>)<br>      Defendant. )<br>_____) | Civil Action No. 05-2057 (RJL) |

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT

Defendant, District of Columbia, through undersigned counsel, responds to the Complaint as follows:

1. Defendant denies that jurisdiction is necessarily conferred by the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint, except that defendant lacks sufficient knowledge or information to admit or deny the allegations regarding plaintiff's incarceration at "various medical facilities."

3. Defendant admits the allegations contained in paragraph 3 of the Complaint, except that plaintiff's allegations regarding responsibility for hiring and supervision states conclusions of the law or of the pleader to which no response is required.

4. Defendant admits that on or about October 20, 2004, plaintiff was housed in the NE-1 unit and was assigned to laundry detail. Defendant also admits plaintiff was involved in a confrontation with another inmate Anthony Artisst, who was also assigned to laundry detail. Defendant lacks sufficient knowledge or information to admit or deny the additional allegations

concerning the confrontation in the laundry area. Defendant denies the allegations contained in paragraph 4 that no correctional officer came to plaintiff's aid or that the events went on for an extended period of time.

## Count 1- Negligence

5. Defendant incorporates by reference its responses to paragraphs 1-4 of the Complaint.

6. The allegations contained in paragraph 6 of the Complaint state conclusions of law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

7. The allegations contained in paragraph 7 of the Complaint state conclusions of law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

8. The allegations contained in paragraph 8 of the Complaint state conclusions of law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

## Count 2- Negligent Care and Treatment

9. Defendant incorporates by reference its responses to paragraphs 1-8 of the Complaint.

10. Defendant admits plaintiff received care and treatment at the DC Jail on the date of the occurrence and thereafter, but denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. The allegations contained in paragraph 12 of the Complaint state conclusions of law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

13. The allegations contained in paragraph 13 of the Complaint state conclusions of law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

### Count 3- Violation of Civil Rights

14. Defendant incorporates by reference its responses to paragraphs 1-13 of the Complaint.

15. The allegations contained in paragraph 15 of the Complaint state conclusions of the law or of the pleader to which no response is required.

16. The allegations contained in paragraph 16 of the Complaint state conclusions of law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

17. The allegations contained in paragraph 17 of the Complaint state conclusions of law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

18. The allegations contained in paragraph 18 of the Complaint state conclusions of law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

19. The allegations contained in paragraph 19 of the Complaint state conclusions of law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

20. The allegations contained in paragraph 20 of the Complaint state conclusions of law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

Any remaining allegations in the Complaint not expressly admitted are hereby denied.

<u>First Affirmative Defense</u>

Plaintiff may have failed to exhaust his administrative remedies.

<u>Second Affirmative Defense</u>

Plaintiff may have failed to comply with the mandatory notice requirements of D.C. Code § 12-309.

<u>Third Affirmative Defense</u>

If plaintiff was injured or damaged as alleged in the complaint, such injuries or damages were the result of his unlawful, wanton, willful, or reckless conduct, sole or contributory negligence, and/or assumption of the risk.

<u>Fourth Affirmative Defense</u>

If plaintiff was injured or damaged as alleged in the Complaint, such injuries or damages were the result of acts or omissions of a person or persons other than defendant District of Columbia, its employees, agents, or servants acting within the scope of their employment.

4

<u>Fifth Affirmative Defense</u>

Plaintiff may have failed to mitigate any damages that he may have incurred.

<u>SET-OFF</u>

The defendant claims a set-off against any amount awarded to plaintiff for the cost and value of any care, treatment or services provided to him by the District of Columbia or its agencies.

<u>JURY TRIAL DEMAND</u>

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

<u>/s/ Holly M. Johnson /s/</u>
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III

<u>/s/ Carl J. Schifferle /s/</u>
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

5